1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

Benjamin Brian Arvin,        ) SA CV 12-8203-SH
                          )
          Plaintiff,       )
                          ) MEMORANDUM DECISION
                          )AND ORDER
vs.                         )
                          )
Carolyn W. Colvin, Acting   )
Commissioner of Social Security, )
                          )
          Defendant.     )
_____)

# I.  INTRODUCTION

This matter is before the Court for review of the decision by the Commissioner of the Social Security Administration ("Commissioner") denying Plaintiff's application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. 42 U.S.C § 1381 et seq. Pursuant to 28 U.S.C. 636(c), the parties have consented that the case may be handled by the undersigned. The action

arises under 42 U.S.C § 405(g), which authorizes this Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The Plaintiff and Defendant have filed their pleadings and the Defendant has filed a certified transcript of the record ("AR"). After reviewing this matter, this Court concludes that the decision of the Commissioner should be reversed and remanded for further proceedings.

## II.  PROCEEDINGS

On August 19, 2009, Plaintiff Benjamin Brian Arvin ("Plaintiff") applied for SSI benefits, alleging a disability that began on January 1, 2009. Plaintiff received a written decision dated October 19, 2009, notifying him that he was denied benefits based on a determination that he was not disabled. Subsequently, Plaintiff requested reconsideration of his claim for SSI payments. In a decision dated December 4, 2009, it was again determined that Plaintiff did not qualify for benefits. At this time, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and later appeared before ALJ Sally Reason in Los Angeles, California on February 28, 2011. In her decision dated April 14, 2011, the ALJ concluded that the Plaintiff was not disabled. Thereafter, the Plaintiff requested that the Appeals Council review the ALJ's decision. After the Appeals Council denied the Plaintiff's request for review of the decision, the Plaintiff filed this action for court review.

## III. PARTIES' CONTENTIONS

Plaintiff raises two issues. First, the Plaintiff claims that the ALJ failed to adequately consider whether Plaintiff met or equaled a listed impairment. Second, the Plaintiff claims that the ALJ failed to articulate legally sufficient reasons for rejecting Plaintiff's pain testimony.

In response, the Defendant argues that the ALJ adequately considered Plaintiff's impairments in reaching her Step Three Finding, and that the ALJ

provided specific reasons supported by substantial evidence to conclude that the Plaintiff's statements lacked credibility.

Each issue is discussed in turn.

### III.  DISCUSSION

STANDARD OF REVIEW

Under 42 U.S.C § 405(g), this Court reviews the ALJ's decision to determine whether: (1) the decision was supported by substantial evidence; and (2) the proper legal standards were applied. *DeLorme v. Sullivan*, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)), but less than a preponderance." *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). This Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Secretary's conclusion. *Green v. Heckler*, 803 F.2d 528, 530 (9th Cir. 1986). A denial of benefits may be set aside where "it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006).

ISSUE 1

Plaintiff argues that the ALJ failed to adequately consider whether Plaintiff met or equaled a listed impairment. Defendant responds that the ALJ adequately assessed Plaintiff's impairments to conclude that he did not meet or equal a listed impairment.

The ALJ employs a five-step sequential evaluation in determining whether a claimant is disabled.  20 C.F.R. § 404.1520(a)(4) (2013). Step Three considers whether the impairment meets or medically equals one of the listed impairments. *Id.* Listings for mental disorders under Step Three will contain a statement

3

describing the disorder(s), "paragraph A" criteria, and a set of impairment-related functional limitations, "paragraph B" criteria. Social Security: Disability Evaluation Under Social Security – 12.00 Mental Disorders - Adult (2013). http://www.ssa.gov/disability/professionals/bluebook/12.00-MentalDisorders-Adult.htm#12_03. For several listings, if "paragraph B" criteria are not satisfied, the ALJ will assess "paragraph C" criteria, which are additional functional criteria. *Id.*

Every medical opinion received will be evaluated using specific factors in order to determine the weight given to that medical opinion. 20 C.F.R. § 404.1527(c) (2013). The treating physician's weight is "generally afforded the greatest weight in disability cases...." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (quoting *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2004)). Furthermore, "good" reasons in [the] ... decision for the weight [accorded the] treating source's opinion" will "always [be] give[n]." 20 C.F.R. § 404.1527(c)(2) (2013). If "the ALJ wishes to disregard the opinion of the treating physician, he or she must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). Merely providing vague and conclusory reasons for a decision does not suffice, and will constitute legal error. *See Rollins v. Massanari*, 261 F.3d 853, 859 (9th Cir. 2001).

In her decision, ALJ Reason  concluded that Plaintiff's mental impairments, considered singly and in combination, did not meet or medically equal the criteria of listings 12.04 Affective Disorders ("12.04") and 12.09 Substance Addiction Disorders ("12.09"). (AR 26). She noted that neither 12.04 nor 12.09 met the "paragraph B" criteria (AR 26), which require "*marked*" restrictions of activities for disability purposes (AR 26) in categories which include: activities of daily living; social functioning; and concentration, persistence, or pace. 20 C.F.R. § 416.920(c)(3)-(4), (d)(1) (2013) (emphasis

added). Because Plaintiff's impairments only caused "a *mild* limitation … in ability to perform activities of daily living, and *moderate* limitations in … ability to engage in social functioning and to perform activities requiring concentration, persistence, or pace," (AR 27) (emphasis added), Plaintiff did not satisfy the "marked" requirements of "paragraph B" criteria. After determining Plaintiff did not satisfy the "paragraph B" criteria, ALJ Reason was then required to assess "paragraph C" criteria. As to "paragraph C" criteria, Plaintiff rightly points out that the ALJ made a one-sentence conclusion simply stating that the "paragraph C" criteria were not satisfied. (AR 27). Not one reason was articulated to support this sweeping conclusion. Indeed, per the Psychiatric Review Technique Form (PRTF) dated March 29, 2011 from Plaintiff's treating psychiatrist Dr. Pallsoc (AR 321), Plaintiff was noted to meet three of the "paragraph C" criteria, one of which included a "complete inability to function independently outside the area of one's home." (AR 333). Thus, the ALJ seemingly relied on the treating psychiatrist's PRTF to conclude that the impairments were "mild" or "moderate" per the "paragraph B" criteria, but chose to disregard the psychiatrist's assessment of "paragraph C" criteria. In doing so, ALJ Reason did not discuss the factors involved to determine how much weight she would accord the treating psychiatrist's opinion; did not provide "good reasons" for explaining how much weight she actually *gave* to his opinion; and finally, did not provide "specific, legitimate reasons" for disregarding part of his opinion. In addition, the ALJ's one-sentence conclusion regarding the absence of "paragraph C" criteria was vague and conclusory, and was both unsupported and unexplained by the available evidence. This constitutes legal error.

    In addition to disregarding the treating physician's indication of the presence of "paragraph C" criteria, the ALJ disregarded the handwritten portion of his PRTF, which stated Plaintiff had "paranoia making him unable to interact with people well and hav [sic] problem maintaining a job." (AR 334). ALJ

Reason gave no specific reason for disregarding the opinion. Dr. Pallsoc also noted that Plaintiff was "dependent on his elderly mother." *Id.* Equally important is the fact that he concluded his report with a multi-axial assessment of Plaintiff's disorders, listing the diagnoses "Schizoaffective Disorder Dependent Type," and "Paranoid Personality" under Axis I and Axis II, respectively. *Id.* This diagnosis on the handwritten portion of his notes (AR 334), in conjunction with checked-off boxes indicating symptoms of 12.03 Schizophrenic, Paranoid, and Other Psychotic Disorders ("12.03") (AR 324), means that a 12.03 assessment should have been considered by the ALJ. In her discussion of the listing issue, ALJ Reason did not acknowledge this recent opinion by the treating physician, nor did she provide a specific reason for disregarding it.

As the ALJ failed to adequately assess the evidence in concluding that the Plaintiff did not meet a listed impairment, this constituted legal error. The Court thereby finds that a reversal and remand for further consideration is warranted.

ISSUE 2

Plaintiff argues that the ALJ failed to give clear and convincing reasons for rejecting his testimony. Defendant responds that the ALJ provided a valid basis based on substantial evidence for finding the claimant not fully credible.

To determine whether the claimant's testimony regarding the severity of symptoms is credible, the ALJ may consider, for example: (1) ordinary techniques of credibility evaluation, such as the claimant's prior inconsistent statements concerning the symptoms; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

The ALJ "can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Id.* at 1281. The ALJ must specifically identify the testimony she or he finds not

1  to be credible and must explain what evidence undermines the testimony.

2  *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (quoting *Reddick v.*

3  *Chater*, 157 F.3d 715, 722 (9th Cir. 1998)). While an ALJ "need not discuss *all*

4  evidence presented to her," *Vincent Ex. rel. Vincent v. Heckler*, 739 F.2d 1393,

5  1394-95 (9th Cir. 1984), "she must explain why 'significant probative evidence

6  has been rejected.'" *Id.* (quoting *Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir.

7  1981)).

8       First, the ALJ did not offer a clear and convincing reason for discrediting

9  Plaintiff's testimony based on his inconsistent statements concerning his

10  symptoms. (AR 29). Plaintiff told state agency psychologist Dr. McGee in

11  October, 2009, that although he had been taking medication, he still "continue[d]

12  to hear voices on a daily basis," and experienced problems with "attention,

13  concentration, and memory, and … [felt] anxious." (AR 216). ALJ Reason

14  determined that Plaintiff's contention to Dr. McGee that his symptoms still

15  persisted despite following a medication regime was "not accurate, and [was]

16  inconsistent with the actual treating records and progress notes submitted." (AR

17  29). The medication logs, however, support Plaintiff's contention that the

18  symptoms persisted, as is evident in a medication support service form from

19  August, 2010, which states AH (auditory hallucinations), anxiety, mood swings,

20  and paranoia as "Target Symptoms/Emergent Issues/Client Goals." (AR 320).

21  Furthermore, the treating psychiatrist also noted these symptoms in the

22  handwritten portion of his PRTF dated March 29, 2011. (AR 334). Because the

23  record supports Plaintiff's contention that he was still experiencing symptoms at

24  the time of his visit with Dr. McGee, the ALJ's reasons for discrediting

25  Plaintiff's testimony were not clear and convincing.

26       Second, the ALJ did not offer a clear and convincing reason for

27  discrediting Plaintiff's testimony based on his treatment history, which included

28  "only occasional mental health treatment over the past several years." (AR 29).

7

However, the record indicates that Plaintiff was a patient at both Compton Mental Health and Los Angeles County – Department of Mental Health from 2001 to 2010, with frequent visits to each. (AR 238 – 275, 276 – 318). Contrary to the ALJ's statement that Plaintiff sought treatment approximately two or three times a year (AR 28), medication logs from Los Angeles County – Department of Mental Health show that the Plaintiff was seen several times a year. For example, in 2004, Plaintiff was seen eight times; in 2005, eight times; and in 2008, four times. (AR 261, 269 – 271; 256 – 259; 292 – 294). Furthermore, while symptoms were often alleviated, the medication logs from years 2001 to 2011 show a consistent persistence of depression, mood swings, A/H and paranoia throughout the years. The ALJ also stated that Plaintiff's treatment consisted primarily of "monitoring of his medications with very little evidence of actual therapy or other intensive outpatient care." (AR 29). However, the ALJ cannot assert objectively that medical records did not indicate therapy, and then interpret this necessarily as Plaintiff's unexplained failure to *seek* therapy. In addition, assuming the Plaintiff did miss appointments or fail to seek therapy, the inference that Plaintiff's testimony is not credible should not necessarily follow given that the Plaintiff here suffers from mental illness, auditory hallucinations in particular. Claimants suffering from mental illness do not always realize the need for, or have an appreciation of, the need for treatment. The Plaintiff not having sought treatment which would include "therapy" or "other intensive outpatient care," (AR 29), was therefore not a convincing reason to discredit Plaintiff's testimony.

Third, the ALJ did not offer clear and convincing reasons for discrediting Plaintiff's testimony based on the opinion that his daily activities did not comport with his alleged symptoms. Specific findings of a claimant's daily activities can serve as evidence sufficient to discredit a claimant's testimony. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). Where a claimant spends a substantial part of

8

1  his day engaged in pursuits involving the performance of physical functions that
2  *are* transferable to a work setting, a specific finding as to this fact may be
3  sufficient to discredit an allegation of disabling excess pain. *Id.* at 603. However,
4  claimants are not required to be utterly incapacitated to be eligible for benefits,
5  and "many home activities may not be easily transferable to a work environment
6  ...." *Smolen*, 80 F.3d at 1284 n.7 (9th Cir. 1996). Here, ALJ Reason relied on
7  several pieces of evidence to conclude that Plaintiff's testimony was not credible.
8  First, Plaintiff told Dr. McGee that his daily activities consisted primarily of
9  "watching television, using the computer, and visiting family members." (AR
10 217). Second, Plaintiff self-reported in his Function Report from 2009 that his
11 daily activities included "playing the guitar" and "doing his own personal care
12 without difficulty." *Id.* That the Plaintiff engages in these daily activities does not
13 necessarily imply they are a fair proxy for the physical and mental demands of
14 the workplace, especially where the Plaintiff's activities are social in nature (e.g.,
15 playing the guitar, visiting family members [AR 217]), or short-term in duration
16 (e.g., half an hour per day, several times a week [AR 176]). Third, Plaintiff's
17 mother completed a Third-Party Function Report, which the ALJ found
18 "indicated this [Plaintiff's self-reported] level of functioning." Plaintiff's mother,
19 who spends eight to ten hours per day with Plaintiff, (AR 174), did confirm
20 Plaintiff's activities in her report, but also observed that: Plaintiff's house chores
21 and yard-work would take "1/2 hour[] 2 – 3 times a week"; his ability to handle
22 stress was "not well in work place were [sic] there is noise he become confused";
23 and that an unusual fear of his included "people hearing his thoughts and people
24 after him." (AR 176, 180). Though recognizing that Plaintiff and his mother
25 included many of the same daily activities in their reports, the ALJ ignored the
26 mother's statements which would support a finding that Plaintiff's testimony is
27 credible. Fourth, the ALJ considered the treating psychiatrist's assessment from
28 March 2011 noting that Plaintiff did not have a severe mental impairment.

9

However, she failed to mention or discuss the psychiatrist's handwritten notes, in which he wrote Plaintiff had mood swings and paranoia that "mak[e] him unable to interact with people well," affecting his ability to maintain a job. (AR 334). The ALJ thus did not provide clear and convincing reasons for discrediting Plaintiff's testimony because she ignored probative third-party statements regarding his symptoms and considered insubstantial daily activities as inconsistent with Plaintiff's alleged symptoms.

The ALJ did not provide clear and convincing reasons for rejecting Plaintiff's testimony. Moreover, she failed to explain why she disregarded certain probative evidence such as statements made by Plaintiff's treating psychiatrist.

## V. CONCLUSION AND ORDER

For the foregoing reasons, the decision of the Commissioner is reversed and remanded for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED: June 10, 2013

_____

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

10